Negroni, Administrator, etc., Plaintiff and Appellant, *v.* Lucchetti, Defendant and Appellee.

## Appeal from the District Court of Ponce in an Action of Ejectment and for Mesne Profits.

No. 1421.—Decided May 31, 1916.

Ganancial Property — Growing Crops — Inheritance — Ejectment.— Growing crops of an estate acquired by a married heir in the division of the estate are ganancial property and the payment of a charge against the whole estate by the conjugal partnership out of the proceeds of such growing crops creates a claim in favor of said partnership against the estate of such married heir; but an action of ejectment does not lie to the administrator of the estate of the husband or wife against a subsequent purchaser of said estate to recover on such claim.

Id.—Separate Property—Conveyance.—Property purchased by a married heir from co-heirs is ganancial property and recitals in the deed of purchase acquiesced in by the other spouse would not change its ganancial character; for the authorities are clear that declarations made by such spouse at that time are not proof of the separate character of the property.

Id.—Separate Property—Conveyance.—Whether the act of a husband in consenting to conveyances by his wife is a ratification of the act of the wife or whether he is estopped thereby from setting up any title, the result is the same and he is bound by such consent. If the property appears in the name of the wife and the husband consents to its conveyance by her, the conveyance is effective whether she is or is not the sole owner.

Id.—Separate Property—Administrator.—There is no theory of law by which the administrator of two separate estates can weld these two representations so as to become the representative of the conjugal partnership.

The facts are stated in the opinion.

*Mr. José Tous Soto* for the appellant.

*Mr. Antonio F. Castro* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This is a suit brought by Pablo Negroni Lluberas as judicial administrator of the estate of Antonio Negroni and of Francisca Lluberas. Antonio Negroni and Francisca Lluberas were husband and wife at the commencement of the acquisitions and transfer of property to which this suit relates.

While Francisca Lluberas was married she acquired a part of an estate from her mother. She was one of four heirs

and in the adjudication and partition she was awarded a one-fourth part of the whole estate subject to the payment by said heirs of $6,199.24 to the father of such heirs out of the common fund. The common fund amounted to $89,090. The share of the four heirs was $82,890.76, so that there was left as owing to their father the sum of $6,199.24, to which we have referred. It was agreed that this sum should be paid out of the crops of the whole estate. In point of fact the debt was paid out of such crops and therefore the appellant maintains that $1,500 thereof, paid by Francisca Lluberas, was ganancial property to which the estates which the appellant represents were entitled. The appellee maintains that as these fruits were growing at the time of the division of the estate, they could not be considered as ganancial, but as they were acquired by the matrimonial pair during the pendency of the marriage, we are inclined to agree with the appellant that the said right to the growing fruits was in point of fact ganancial. In the brief of the appellant it is apparently assumed that the land the one-fourth of which Francisca Lluberas acquired, was received in part by the purchase of the share belonging to her father; in other words, that her one-fourth share in the estate was received in part directly and in part by purchase. It seems, however, that as the whole $6,000 referred to was a debt against the common estate, she acquired her land direct, subject to a charge in favor of her father; in other words, that there was an encumbrance on the estate which the matrimonial pair paid with the pending fruits and for which the partnership pair had a claim against the estate or land of Francisca Lluberas. We therefore think that the administrator of the estate of the husband, to say nothing of the administrator of the estate of Francisca Lluberas herself, had no right to bring an action of revindication against the purchaser of the estate of Francisca Lluberas. The appellee here, by successive purchases, acquired whatever interest Francisca Lluberas originally had

in the estate of her mother, and is sued in revindication to recover the same.

Francisca Lluberas, a short time after her acquisition by inheritance of the one-fourth part of her mother's estate, purchased two one-fourth parts of the same estate from other members of her family. She was still married to Antonio Negroni. We agree with the appellant that by reason of such marriage these acquisitions would be presumed to be ganancial and that none of the recitals in the deeds of purchase, to which the husband apparently acquiesced, would change their ganancial character. The authorities are clear that declarations made by the husband at such a time are not proof of the separate character of the property acquired.

Subsequently, however, Francisca Lluberas transferred to Francisco Antonio Negroni Lluberas in payment of the mortgage the said two one-fourth parts which the said Francisco Negroni in turn sold to Francisco Lluch Negroni. All the transfers to which we refer and to which we shall refer were recorded in the registry of property.

The husband of Francisca Lluberas appeared in the deed of transfer made by the wife to Francisco Negroni Lluberas and gave his consent to the transfer.

In various other documents made about the same time the said husband consented to his said wife contracting in her own name to effect the mortgage on said land. It is true, as the appellant alleges, that in all these transactions it was assumed that the property was the separate property of the wife, but we think that the husband was absolutely bound by them. Whether his act of consenting to these transfers was a ratification of the act of his wife, or whether he was estopped to set up any title by reason of his acts, the result is exactly the same. Even if the property were ganancial and he was consenting to its transfer in the erroneous belief that it was the separate property of the wife, it could make no difference. He was presumed to know the law. It is a very frequent practice for a married pair to

take property which is really ganancial in the name of the wife, and the parties have the same right to transfer it in that way; in other words, if in the registry of property or otherwise a title appears in the name of the wife and the husband consents to a transfer by her, the transfer is perfectly effective whether she is or is not in point of fact the sole owner of such property.

After the death of her husband the said Francisca Lluberas sold her original one-fourth part to the said Lluch who by that means became possessed of three-fourths of the said property. He acquired the other one-fourth part from the other heir by direct purchase and transferred the whole to Mateo Lucchetti, the defendant and appellee here. If the appellant had been right in his theory that Lluch did not acquire the property of the married pair, presumed to be ganancial, we agree with him that Mateo Lucchetti could not be considered a third person by reason of the statements made in the deeds by which Francisca Lluberas acquired her title. We are, however, inclined to think that when the husband appeared and consented to the transfer of said property by his wife, Mateo Lucchetti could be considered such third person. The question of whether Mateo Lucchetti, in this regard, was a third person or not is relatively unimportant because the title of his predecessor in interest was valid for the same class of reasons that would make Mateo be considered a third person.

We agree, however, with the appellee that Mateo Lucchetti, in case of any doubt as to the ganancial character of any part of the property acquired by him, had a title by ordinary prescription of ten years. All of the property in dispute was acquired by Lluch in or about the year 1885. The transfers from the wife gave the transferee a colorable or just title.

The court below laid some stress on the fact that the administrator had no right to bring an action of revindication because neither of the estates of Francisca Lluberas or Anto-

nio Negroni had ever been liquidated. The appellant would be disposed to concede this point if this suit had been brought by the administrator of the property of the husband against the heirs or the estate of the wife, but he maintains that the situation is different where the same person has obtained administration on both the estates of the husband and the wife, in this way seeking to distinguish this case from *Trinidad* v. *Trinidad,* 19 P. R. R. 647, and other similar cases. We know of no theory of law by which the administrator of two separate individual estates can weld these two representations so as to become the representative of the conjugal society as the appellant maintains. In the final analysis he is always the individual representative of the individual estate, and in each case his suit is for the benefit of the individual estate.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.